**No. 44699.**—Protests 4805–K, etc., of Ampol, Inc. (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel and on the authority of Stokby v. United States (4 Cust. Ct. 343, C. D. 358) it was held that 10 percent allowance should have been made for the weight of the gelatinous material in question.

**No. 44700.**—Protests 9156–K, etc., of J. S. Hoffman Co., Inc. (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel and on the authority of Stokby v. United States (4 Cust. Ct. 343, C. D. 358) it was held that 10 percent allowance should have been made for the weight of the gelatinous material in question.

**No. 44701.**—Protests 12287–K, etc., of Ampol, Inc. (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel and on the authority of Stokby v. United States (4 Cust. Ct. 343, C. D. 358) it was held that 10 percent allowance should have been made for the weight of the gelatinous material in question.

BEFORE THE THIRD DIVISION, NOVEMBER 8, 1940

**No. 44702.**—Protest 985580–G of L. Rose & Co., Ltd. (New York).

Opinion by EVANS, J. It was stipulated that the commodity in question is the same as that the subject of United States v. Ritchie (28 C. C. P. A. —, C. A. D. 124). The claim at 5 cents per pound under paragraph 48 was therefore sustained.